Miller *v.* Dungan.

MILLER v. DUNGAN.

1. A judgment obtained in a proceeding, by attachment against a non-resident debtor, who does not appear to such suit, will not form a legal foundation for an action.

2. The proceeding is *in rem,* and has no effect except with respect to the property attached.

On demurrer to pleas.

Argued at June Term, 1872, before BEASLEY, Chief Justice, and Justices BEDLE, WOODHULL and SCUDDER.

* *Rev., p.* 788, § 164.

Miller v. Dungan.

For the plaintiff, *F. F. Westcott.*

For the defendant, *F. Kingman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This case comes before the court on demurrer.

The declaration is founded on a judgment obtained by the plaintiff against the defendant in this court. To this the first plea is *nul tiel record,* upon which issue has been joined, and it is the second and third pleas, to which objection is taken. . Each of these pleas has the same aspect, and is intended to give rise to the same question, which is, whether an action will lie on a judgment obtained on proceedings commenced by an attachment under the act for the relief of creditors against absconding and absent debtors.

A preliminary point, however, is taken on the side of the plaintiff, that these pleas are not sufficiently definite in their statements, and that they do not present for consideration the question just expressed. The objection is, that although it is averred that the judgment in controversy is founded on a proceeding begun by an attachment, it is not shown that the defendant, in the course of such proceeding, did not appear, as under the statute he has the privilege of doing, in which case the judgment would be *in personam,* and not *in rem.* This exception would prevail, if well founded in fact; but I think there are statements in the first of the pleas demurred to, from which it must be inferred, conclusively, that there was no appearance in the attachment suit. The allegations thus relied on, are those which succeed the averment that the suit was under the attachment act, and which are to the effect that the auditors should make " sale and assurance of the goods and chattels, lands and tenements of the defendant, which were attached." This statement necessarily excludes the idea that the defendant appeared to the action, and makes it sufficiently certain that the judgment is *in rem,* and not *in personam.* I think the plea, in point of substance, is sufficient.

Miller v. Dungan.

And also, with regard to the general question involved, I think the defendant has the law in his favor. That a judgment in attachment, where there is no appearance, has no effect except upon the property attached, appears to me entirely clear. The proceeding is altogether statutory, and has no other or greater effect than such as has been, either in express terms or by reasonable intendment, given to it by the legislative will. The judgment resulting from the procedure is subject to the same rule, for it is altogether a statutory, and in no sense a common law judgment. The contention that the judgment is to have the force of one against the person, is not consistent with common justice, or with the several provisions of the statute in its general spirit. A law which should provide that all the creditors of a non-resident, upon finding property in this state, might come in and establish, in a conclusive form, their claims, no matter how large in amount, would not be likely to receive the approval of any just mind. Such is not the effect of the statute in question. Not one of its provisions has such an appearance. It is clear, and has been so held, that its operation is confined to the property on which the writ of attachment is actually levied, or which is seized or taken by the auditors under the special provisions of the law. The case referred to is that of *Tomlinson* v. *Stiles*, 4 *Dutcher* 201, in which it was decided that no title passed under a sale by the auditors of property which had not been levied on by the writ. This doctrine was affirmed in the same case by the Court of Errors. 5 *Dutcher* 426. In his opinion, read in the Supreme Court, Chief Justice Green remarks, " the proceeding is *in rem*, and operates only upon the property attached." In this case the judgment in both courts is founded on the idea that the attachment proceeding is entirely inoperative beyond the bound to which it is made a lien by the statute.

But if there was any doubt on this subject arising from the general provisions of this law, such doubt would be entirely dispelled by the contents of the forty-seventh section,* requir-

*Rev., p. 52, § 56.

ing the plaintiff in attachment, and the other creditors, to exe-cute a refunding bond, before they are entitled to a dividend. The condition of such bond is, that the obligor " shall appear to any suit that may be brought against him by the said defendant, within one year next after the date of the said bond, and shall pay unto such defendant any sum of money which, by the judgment or decree of the court, shall appear to have been received by, him, and not due or owing, with costs of suit." It seems to me that nothing can be clearer than the intention here manifested, that the proceeding is in no sense to be clothed with the qualities of a judgment at common law, for the very money paid by force of it may be recovered back, if it can be shown that the claim of the creditor was not just. If the judgment be not conclusive, with respect to the money actually realized under it, it does not appear to be tenable to claim that it is conclusive as to the moneys embraced in it, but not levied. In my estimation, the force of a judgment in attachment is spent by a sale of the property attached, and consequently, such judgment cannot form the basis of an action at law. This result makes the second plea a good bar to this suit, and as the demurrer is to both pleas, the defendant is entitled to judgment.

CITED in *Schenck* v. *Griffin*, 9 Vr. 462.